**STEPHEN F. LOPEZ, ESQ. (SBN 125058)**
**STEPHEN F. LOPEZ ESQ. APC**
840 E. Parkridge Ave, Suite 102
Corona, CA 92879
Office: (714) 760-9753
Direct: (858) 682-9666
Facsimile: (714) 242-6944
Email: Steve@sflopesq.com

Attorneys for Defendants, L H Herrara Income Tax and Insurance; G J Brothers LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MISAEL ROMERO,<br><br>             Plaintiff,<br><br>v.<br><br>L H HERRARA INCOME TAX AND INSURANCE; G J BROTHERS LLC and DOES l-10, inclusive,<br><br>             Defendants. | Case No.: 5:20-cv-01716-FMO (SPx)<br><br>**ANSWER TO COMPLAINT**<br><br>District Judge Fernando M. Olguin<br>Magistrate Judge Sheri Pym<br>Date Case Filed: 08/25/2020 |

     COME NOW Defendants, L H Herrara Income Tax and Insurance; G J Brothers LLC ("Defendants"), severing themselves from all Co-Defendants, and answer the complaint on file herein as follows**:**

    1. Defendants admit the allegation in paragraph 1 of Plaintiff's complaint.

    2. Defendants have no information or belief as to the truth of the allegations in paragraph 2 of Plaintiff's complaint and on that basis deny those allegations.

3. Defendants deny the allegation in paragraph 3 of Plaintiff's complaint.

4. Defendants deny the allegation in paragraph 4 of Plaintiff's complaint.

5. Defendants admit the allegation in paragraph 5 of Plaintiff's complaint.

6. Defendants admit the allegation in paragraph 6 of Plaintiff's complaint.

7. Defendants admit the allegation in paragraph 7 of Plaintiff's complaint.

8. Defendants admit the allegation in paragraph 8 of Plaintiff's complaint.

9. Defendants deny the allegation in paragraph 9 of Plaintiff's complaint.

10. Defendants admit the allegation in paragraph 10 of Plaintiff's complaint.

11. Defendants admit the allegation in paragraph 11 of Plaintiff's complaint.

12. Defendants deny the allegation in paragraph 12 of Plaintiff's complaint.

13. Defendants deny the allegation in paragraph 13 of Plaintiff's complaint.

14. Defendants deny the allegation in paragraph 14 of Plaintiff's complaint.

15. Defendants deny the allegation in paragraph 16 of Plaintiff's complaint.

16. Defendants deny the allegation in paragraph 16 of Plaintiff's complaint.

17. Defendants deny the allegation in paragraph 17 of Plaintiff's complaint.

18. Defendants deny the allegation in paragraph 18 of Plaintiff's complaint.

19. Defendants deny the allegation in paragraph 19 of Plaintiff's complaint.

20. Defendants deny the allegation in paragraph 20 of Plaintiff's complaint.

21. Defendants have no information or belief as to the truth of the allegations in paragraph 21 of Plaintiff's complaint and on that basis deny those allegations.

22. Defendants have no information or belief as to the truth of the allegations in paragraph 22 of Plaintiff's complaint and on that basis deny those allegations.

23. Defendants deny the allegation in paragraph 23 of Plaintiff's complaint.

24. Defendants incorporate herein their responses to paragraphs 1 to 23 of Plaintiff's complaint in response to paragraph 24 of Plaintiff's complaint.

25. Defendants admit the allegation in paragraph 25 of Plaintiff's complaint.

26. Defendants admit the allegation in paragraph 26 of Plaintiff's complaint.

27. Defendants admit the allegation in paragraph 27 of Plaintiff's complaint.

28. Defendants deny the allegation in paragraph 28 of Plaintiff's complaint.

29. Defendants admit that they are obligated to maintain in operable working condition those features of the Subject Property's facilities and equipment that are required to be readily accessible to and usable by Plaintiff and similarly situated persons with disabilities [28 C.F.R. g 36.211(a)1 as alleged in paragraph 29 of Plaintiff's complaint.  Defendants deny all other allegations in paragraph 29 of Plaintiff's complaint.

30. Defendants admit that they have a duty to remove architectural barriers where readily achievable, to make alterations that are consistent with minimum ADA standards and to provide alternative accommodations where necessary to provide wheelchair access as alleged in paragraph 30 of Plaintiff's complaint.  Defendants deny all other allegation in paragraph 30 of Plaintiff's complaint.

31. Defendants admit that they have an obligation to maintain policies, practices and procedures that do not discriminate against the Plaintiff and similarly situated persons with mobility disabilities on the basis of their disabilities as alleged in paragraph 31 of Plaintiff's complaint.  Defendants deny all other allegations in paragraph 31 of Plaintiff's complaint.

32. Defendants deny the allegation in paragraph 32 of Plaintiff's complaint.

## FIRST AFFIRMATIVE DEFENSE

The allegations contained in the complaint herein do not state facts sufficient to state a cause of action against these answering Defendants.

## SECOND AFFIRMATIVE DEFENSE

On information and belief, these answering Defendants alleges that Plaintiff has failed to mitigate some or all of said Plaintiff's alleged damages.

## THIRD AFFIRMATIVE DEFENSE

Defendants allege that the claims of Plaintiff are barred by all applicable statutes of limitation.

## FOURTH AFFIRMATIVE DEFENSE

On information and belief, these answering Defendants alleges that the claims of Plaintiff are barred by the doctrine of unclean hands.

## FIFTH AFFIRMATIVE DEFENSE

On information and belief, these answering Defendants alleges that the claims of Plaintiff are barred by the doctrine of waiver.

## SIXTH AFFIRMATIVE DEFENSE

On information and belief, these answering Defendants alleges that the claims of Plaintiff are barred by the doctrine of laches.

## SEVENTH AFFIRMATIVE DEFENSE

On information and belief, these answering Defendants alleges that the claims of Plaintiff are barred by the doctrine of estoppel.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because, with respect to any particular architectural element that departs from accessibility guidelines, there is an "equivalent facilitation" in the form of alternative designs and technologies that provide substantially equivalent or greater access to and usability of the facility.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because the claimed violations are "de minimis," and non-actionable because they do not materially impair Plaintiff's use of an area for an intended purpose.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because the barrier removal(s) Plaintiff seeks are not "readily achievable," or easily accomplishable and able to be carried out without much difficulty or expense within the meaning of 42 U.S.C. § 12181(9).

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because the modifications Plaintiff seeks are not "alterations" within the meaning of the ADA or Title 24 and/or they do not trigger an "alteration" legal standard, including because the modifications sought will be disproportionate in cost or cost in excess of 20% of the entire "alteration."

### TWELFTH AFFIRMATIVE DEFENSE

Defendant has made good faith efforts to comply with the ADA, the Unruh Act, and the California Disabled Persons Act, including providing appropriate alternative access.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent that they interfere with Defendant's compliance with laws and regulations that are equally applicable to all persons.

### FOURTEENTH AFFIRMATIVE DEFENSE

The claims of Plaintiff are barred because any requested modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations

### FIFTEENTH AFFIRMATIVE DEFENSE

The claims of Plaintiff are barred because any requested modification or alteration would be technically infeasible.

### SIXTEENTH AFFIRMATIVE DEFENSE

The claims of Plaintiff are barred because the requested changes would pose a significant risk to the health and safety of individuals with disabilities or others.

### SEVENTEENTH AFFIRMATIVE DEFENSE

These answering Defendants presently has insufficient knowledge or information upon which to form a belief as to whether said Defendant may have additional, as yet unstated, affirmative defenses.  These answering Defendants reserve herein the right to assert additional affirmative defenses in the event discovery indicated to do so would be appropriate.

Wherefore, Defendant prays for;

1.   That Plaintiff take nothing by way of his complaint.

2.   For costs of suit incurred herein;

3.   For such other and further relief that the Court deems just and proper.

| | |
|---|---|
| Dated: November 24, 2020 | STEPHEN F. LOPEZ ESQ. APC |
| | By: <u>  /s/ Stephen F. Lopez       </u><br>Stephen F. Lopez, Attorneys for Defendants, L H Herrara Income Tax and Insurance; G J Brothers LLC |

CERTIFICATE OF SERVICE

I, Stephen F. Lopez certify that the ANSWER TO COMPLAINT was electronically filed pursuant to Civil Local Rule 5-4.1 on November 24, 2020 using the Court's CM/ECF system, which shall send notification of such filing (NEF) to all counsel of record in this case. Pursuant to Civil Local Rule 5-3.2.1, this electronic filing acts to electronically serve all counsel of record, who have consented to electronic service via the Court's CM/ECF system pursuant to Civil Local Rule 5-3.2.1.

Dated: November 24, 2020                    STEPHEN F. LOPEZ ESQ. APC


By:    /s/ Stephen F. Lopez
Stephen F. Lopez, Attorneys for
Defendants, L H Herrara Income Tax and
Insurance; G J Brothers LLC