UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 20-1716-FMO (SPx) | Date | January 5, 2021 |
|---|---|---|---|
| Title | Misael Romero v. L H Herrara Income Tax and Insurance, et al. | | |

| Present: The Honorable | Sheri Pym, United States Magistrate Judge | |
|---|---|---|
| Kimberly Carter | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendant: |
| None Present | | None Present |

**Proceedings:** **(In Chambers) Order Denying Plaintiff's Motion to Compel Responses to Discovery, for Requests for Admission to Be Deemed Admitted, and for Monetary Sanctions [24]**

On December 3, 2020, plaintiff Misael Romero filed a motion to compel discovery responses from defendants L H Herrara Income Tax and Insurance ("Herrara Tax") and G J Brothers, LLC ("Brothers") to plaintiff's requests for production of documents and interrogatories; deem admitted plaintiff's requests for admissions; and impose monetary sanctions against defendants (docket no. 24). Defendants opposed the motion on December 15, 2020, and plaintiff filed a reply on December 22, 2020.

After reviewing the papers filed, the court found a hearing on the motion would not materially assist the court, and so took the hearing off calendar. Based on the papers filed, the court denies the motion for the reasons that follow.

## I. BACKGROUND

Plaintiff, a California resident who uses a wheelchair for mobility, filed a Complaint in this court on August 25, 2020 alleging defendants committed numerous violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, and the California Unruh Civil Rights Act ("Unruh Act"), California Civil Code § 51 *et seq.* Compl. Plaintiff alleges he encountered multiple architectural barriers – including in the parking lot, paths of travel, and inside the business – when he visited defendant Herrara Tax's establishment, which is located at a property owned by defendant Brothers. *See id.* ¶¶ 5-7, 11-14.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 20-1716-FMO (SPx) | Date | January 5, 2021 |
|---|---|---|---|
| Title | Misael Romero v. L H Herrara Income Tax and Insurance, et al. | | |

On September 16, 2020, defendants filed a motion to dismiss plaintiff's Unruh Act claims, which the court granted on November 20, 2020. On September 17, 2020, the court issued its Order Setting Scheduling Conference, which states that "[t]he court allows discovery to commence as soon as the first answer or motion to dismiss is filed." The order also urged the parties to conduct any necessary discovery as soon as possible.

That same day, plaintiff mailed defendants his first set of requests for production of documents ("RFPs"), interrogatories, and requests for admissions ("RFAs"). Decl. of Ross Cornell in Supp. of Mtn. ¶ 2 (docket no. 24-2). Accordingly, defendants' responses were due on October 20, 2020. *See* Fed. R. Civ. P. 33-34, 36 (parties must respond to written discovery requests within 30 days after service); Fed. R. Civ. P. 6(d) (three days added to deadline if service is made by mail).

On September 25, 2020, defendants served objections to plaintiff's requests. Cornell Decl. ¶ 3. Defendants refused to provide any answers or documents based mainly on the objection that the requests violated the discovery timing requirements of Rule 26 because the parties had yet to have a Rule 26(f) conference, although defendants also asserted other objections to certain requests on grounds such as relevance, burden, privacy, and privilege. *See id.*, Exs. 7-12.

On November 18, 2020, plaintiff emailed defendants a formal request to meet and confer regarding the discovery responses. *Id.* ¶ 4, Ex. 13. The parties disagree as to whether defendants responded to this initial communication, although even the evidence offered by defendants suggest they did not, but instead responded regarding a different matter.[1] *See* Decl. of Stephen F. Lopez in Supp. of Opp., Ex. D (docket no. 29). Plaintiff sent a follow-up email on November 24, 2020. Cornell Decl. ¶ 5, Ex. 14. Defendants did not respond to that email. *See* Lopez Decl. ¶ 4. On November 30, 2020, plaintiff emailed defendants to confirm that they had failed to meet and confer. *See* Cornell Decl. ¶ 6, Ex. 15. Defendants responded that they would be providing amended responses unless plaintiff called to discuss the discovery dispute. *See id.*, Ex. 16. Plaintiff noted that the

---

[1] Plaintiff objects to certain parts of defense counsel's declaration for lack of foundation, lack of personal knowledge, and lack of candor. Pl.'s Reply at 3-7. Although defense counsel's contrived account of events is not credible, the court does not rely on his declaration to resolve this motion. Accordingly, the court overrules plaintiff's evidentiary objections as moot.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 20-1716-FMO (SPx) | Date | January 5, 2021 |
|---|---|---|---|
| Title | Misael Romero v. L H Herrara Income Tax and Insurance, et al. | | |

deadline to meet and confer under Local Rule 37-1 had passed, and he would be filing this motion unless defendants served amended responses without new objections. *See id.* The next day, defendants reiterated that they would serve amended responses on an unspecified date but refused to drop new objections without further research. *See id.*

Plaintiff filed the instant motion on December 3, 2020. Defendants served amended responses to the discovery requests on December 14, 2020. Lopez Decl. ¶ 5, Ex. J. The amended responses no longer asserted objections based on the timing of the requests, and generally provided substantive responses.

## II.  DISCUSSION

### A.  Plaintiff's Motion to Compel Responses to His Requests for Production and Interrogatories Is Moot

Eleven days after plaintiff filed his motion, defendants provided responses to each of plaintiff's RFPs and interrogatories. In his reply, plaintiff does not raise any issues with defendants' recent disclosures. In fact, plaintiff requests only that the court strike defense counsel's declaration, deem admitted plaintiff's RFAs, and impose monetary sanctions on defendants and their counsel for failing to cooperate with discovery. Accordingly, the court denies plaintiff's motion to compel further responses to his RFPs and interrogatories as moot.

### B.  Plaintiff's Motion to Deem His RFAs Admitted Is Denied

In their September 25, 2020 discovery responses, defendants objected to the timing of plaintiff's RFAs and refused to admit or deny any request. Plaintiff argues that defendants' initial objections did not satisfy the response requirements of Rule 37. Thus, he asks the court to deem his RFAs admitted for all purposes including trial. Defendants respond that the motion is moot as to the RFAs as well because they have now provided complete responses without objection.

Under Rule 36(a)(3) of the Federal Rules of Civil Procedure, "[a] matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection." Rule 36(a) is self-executing, which means that a "[f]ailure to timely respond to requests for admissions

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 20-1716-FMO (SPx) | Date | January 5, 2021 |
|---|---|---|---|
| Title | Misael Romero v. L H Herrara Income Tax and Insurance, et al. | | |

results in automatic admission of the matters requested." *FTC v. Medicor, LLC*, 217 F. Supp. 2d 1048, 1053 (C.D. Cal. 2002).

Here, the deadline for defendants to respond to plaintiff's RFAs was October 20, 2020. Rule 36 clearly states that parties may respond to RFAs with either an answer or an objection. Defendants served timely objections to the RFAs on September 25, 2020. Although defendants' objections were evidently meritless, the appropriate remedy, if any, for such alleged obstruction is Rule 37 sanctions rather than an automatic admission under Rule 36(a)(3). For this reason, the court denies plaintiff's motion to deem his RFAs admitted.

### C. Plaintiff's Request for Rule 37 Sanctions Is Denied

Plaintiff asks the court to award him reasonable expenses as the prevailing party on this discovery motion under Rule 37(a)(5). Defendants oppose his request for sanctions because they claim it was plaintiff who failed to meet and confer.

Rule 37(a)(5) provides that the prevailing party on a discovery motion is entitled to an award of its reasonable expenses incurred in bringing or opposing the motion, including attorney's fees, except no payment should be ordered if: (1) the motion was filed before the moving party made a good faith effort to resolve the dispute; (2) the losing party's position was substantially justified; or (3) other circumstances make the award of expenses unjust. If the movant's motion is denied as moot because the requested discovery is provided after the motion was filed, the court may still award expenses if the non-movant's conduct necessitated the motion. *Id.*; *Harkless v. Pac. Power & Light*, 2020 WL 1139499, at *2 (E.D. Cal. Mar. 9, 2020) ("Under the spirit of [Rule 37], the moving party is entitled to recover its expenses where it is forced to file a discovery motion in order to obtain discovery.").

The court finds monetary sanctions are not warranted here because plaintiff failed to make a good faith effort to resolve this discovery dispute without court intervention. The deadline for the parties to meet and confer as required by Local Rule 37-1 was November 30, 2020.[2] Yet on that very date, plaintiff emailed defendants to unilaterally

---

[2] Local Rule 37-1 requires opposing counsel on a discovery motion to meet and confer with the moving party within ten days after service of a letter requesting such

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 20-1716-FMO (SPx) | Date | January 5, 2021 |
|---|---|---|---|
| Title | Misael Romero v. L H Herrara Income Tax and Insurance, et al. | | |

proclaim that they had failed to meet and confer within the time specified by the local rules. *See* Cornell Decl., Ex. 16. This premature announcement appears to have thrown a wrench into defendants' belated efforts to resolve the dispute, given that defendants replied by informing plaintiff on November 30 that they would be providing amended responses. *See id.* Although defense counsel's cavalier attitude towards his obligation to cooperate with discovery is not well taken,[3] the court finds that plaintiff rushed to file this motion without negotiating with defendants further, particularly in the face of defendants' stated intention to file amended responses and willingness to discuss the matter. Indeed, eleven days after plaintiff's filing, defendants provided amended discovery responses that mooted this motion in large part. As such, the court denies plaintiff's request for Rule 37 sanctions.

## ORDER

Accordingly, IT IS HEREBY ORDERED that plaintiff's Motion to Compel (docket no. 24) is denied.

---

conference. Federal Rule of Civil Procedure 6 provides rules to compute any time period in any local rule that does not specify a method for computing time. When calculating a deadline stated in days, the period continues to run until the end of the next day that is not a weekend or a legal holiday. Fed. R. Civ. P. 6(a)(1)(C). Here, ten days after November 18 was November 28, a Saturday. Accordingly, the ten-day deadline to meet and confer expired on Monday, November 30.

[3] This is the second time that defense counsel violated the court's rules. First, after he failed to meet and confer with plaintiff before filing his motion to dismiss, Judge Olguin warned him that failure to comply with the court's rules in the future may result in the imposition of sanctions. *See* Order Re: Mtn. to Dismiss at n.1. Yet a few days after that order was issued, defense counsel ignored the court's Order Setting Scheduling Conference, which allowed the parties to begin discovery as soon as the filing of an answer or motion to dismiss, and instead refused to provide discovery responses based on a frivolous Rule 26 objection. Defendants and their counsel are on notice that failure to comply with the court's rules in the future will most likely result in sanctions.